# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OFAMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>CHRISTOPHER F. WARDLE; FIRST INTERSTATE BANK; FIRST AMERICAN TITLE COMPANY OF MONTANA, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; ACTION COLLECTION SERVICE, INC.; and TREASURER OF GALLATIN COUNTY, MONTANA.<br><br>              Defendants. | **CV-23-20-BU-BMM**<br><br><br>**ORDER** |

## BACKGROUND

Plaintiff the United States ("United States") brings this action to enforce federal tax liens against property owned by Defendant Christopher F. Wardle ("Wardle"). The property at issues is located at 365 Coffee Creek Road, Bozeman, Montana 59715 ("the Property"). (Doc. 1.)

Wardle consented in a past U.S. District Court action to judgment in favor of the United States in the amount of $1,020,637.86 for taxes he failed to timely pay ("Judgment Liability"). (Doc. 48-1 at 2-3); (Doc. 48-7). The Judgment Liability

remains subject to accrual of interest and other statutory additions and interest continues to accrue. (Doc. 48-3 at 4); (Doc. 48-1 at 3-4). The United States proffers evidence that Wardle's tax debt, as of December 18, 2023, equals $1,555,665.83. (Doc. 48-3 at 4.) Wardle contends that the United States miscalculates his tax debt but admits to owing $876,947.31. (Doc. 43 at 2-3); (Doc. 52 at 1-3).

The United States filed several Notices of Federal Tax Lien in Gallatin County ("Notices") against Wardle to enforce the Judgment Liability. (Doc. 48-1 at 4-5); (Doc. 48-10). The United States failed to timely refile the Notices. *See* (Doc. 48-11.) The Notices were released as a result. *See id.* The United States subsequently revoked the releases and reinstated the Notices. *Id.*; *see* (Doc. 48-9).

Several other Defendants possess an interest in the Property. (Doc. 48-1 at 5-6.) Defendants First American Title Company of Montana, Inc., and First Action Collection Service, Inc., disclaimed their interests in the Property. (Doc. 36); (Doc. 13). Defendants First Interstate Bank and Federal National Mortgage Association ("Fannie Mae") entered a stipulation with the United States as to lien priorities. (Doc. 40.)

Wardle moves the Court to dismiss the action and to release the federal tax liens on the Property. (Doc. 43.) Wardle requests, in the alternative, for the Court to stay proceedings. (Doc. 52-4.) The United States moves for summary judgment that the United States may enforce its tax liens against the Property by judicial sale and

that the proceeds should be distributed according to the above-mentioned disclaimers and stipulations. (Doc. 48.) The Court held a hearing on these motions on March 14, 2024. (Doc. 55.) Wardle failed to appear personally, or through any representative, at the hearing. *Id.*

## LEGAL STANDARD

A court must dismiss a complaint if a complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b) motion must be filed prior to the filing of a responsive pleading. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only a fact that might affect the outcome of the case is a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Wardle characterizes his motion as a motion to dismiss under 12(b)(6). (Doc. 43.) Wardle filed an answer in this matter, (Doc. 25), before asserting his 12(b)(6) defense and his motion relies on material outside the pleadings, including attached exhibits, (Doc. 43-1, -2, -3). As a result, the Court proceeds as though

Wardle and the United States have filed cross-motions for summary judgment. *See* Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(d).

## I.  Property Sale Pursuant Section 7403

Wardle and the United States agree that Wardle continues to owe, at least, $876,947.31 of the Judgment Liability. *See* (Doc. 43 at 2-3.) Wardle disputes only the *amount* of his tax liability and does not dispute that he remains liable for some amount to the United States under the prior judgment. (Doc. 43.) The United States submits as evidence transcripts based on Internal Revenue Service records that show unpaid balances remain as to Wardle's Judgment Liability. (Doc. 48-5.)

Wardle cites no authority for the proposition that a delinquent taxpayer's objection to the calculated amount of a tax liability prohibits the United States from enforcing a tax lien by selling the taxpayer's property pursuant to 26 U.S.C. § 7403. Section 7403(a) provides that the United States may sue to enforce a federal tax lien as to "any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest" by forcing the sale of such property. A district court's "equitable discretion in § 7403 proceedings" to prevent a foreclosure sale remains limited. *United States v. Rodgers*, 461 U.S. 677, 708, 711 (1983).

Courts consider four factors in situations where independent third parties— such as a spouse who co-owns the property as a tenant in the entirety—hold an interest in the property that may be the subject of a forced sale under § 7403. *United*

*States v. Gibson*, 817 F.2d 1406, 1407-08 (9th Cir. 1987). Those factors are as follows:

> (1) the extent to which the government's financial interests would be prejudiced if it were relegated to a forced sale of the taxpayer's partial interest, (2) whether the third party with a nonliable separate interest in the property has a legally recognized expectation that his or her separate property will not be subject to a forced sale by the taxpayer's creditors, (3) the likely prejudice to the third party, both in personal dislocation costs and practical undercompensation, and (4) the relative character and value of the interests held in the property.

*Id.* (citing *Rogers*); *see United States v. Burtsfield*, 553 F. Supp. 2d 1194, 1198 (D. Mont. 2008). No evidence exists in this case that a third party co-owns the Property with Wardle although parties other than the United States possess outstanding liens on the Property.

The factors fail to lend support to the contention that a dispute over the exact amount of a tax debt owed should stymie § 7403 proceedings to force the sale of a property. The first factor clarifies the relationship between the taxpayer, the government, the taxpayer's interest in a property, and the taxpayer's liability. The amount of the taxpayer's liability enters a court's equitable consideration only by way of the *government's* financial interests. The factors suggest a unique outcome when the value of the taxpayer's partial interest eclipses the amount of the taxpayer's liability. This circumstance may support a court's decision not to order the forced sale of the entire property. A sale of the taxpayer's partial interest in such a circumstance would lead to the same result in terms of the government's interest.

5

Nowhere in these factors exists the slightest suggestion that if the value of the property eclipses the amount of the taxpayer's liability the government should not be permitted to force the sale of the property.

Instead, "if the court concludes the United States has a claim or interest, it will generally be obliged to decree a sale" of property subject to an action brought under § 7403 in which a delinquent taxpayer possesses any interest. *United States v. Allahyari*, 980 F.3d 684, 693 (9th Cir. 2020). Wardle concedes that he possesses an interest in the Property. (Doc. 25 at 2.) The United States possesses a tax lien on the property for a tax liability of at least $876,947.31. *See* (Doc. 43 at 2-3.)

In other words, no genuine issue of a material fact exists because the question of the *amount* Wardle owes cannot affect the outcome regarding the United States's right to enforce the Judgment Liability through sale of the Property when no party disputes that some balance remains unpaid. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Montana v. Real Prop. Located at 6350 W. Montana Highway 200*, No. CV 15-74-H-CCL, 2018 WL 1368912 (D. Mont. Mar. 16, 2018) (finding that the United States was entitled to a decree of sale of a taxpayer's property where the taxpayer provided "no evidence to support his belief [that he had taken care of his tax liabilities]" and the United States had provided evidence of the taxpayer's "tax liabilities, failure to pay, and ownership of real [. . .] property"). Wardle's disputation of the amount owed may become relevant at a later stage, but

only if sale proceeds from the Property exceed the $876,947.31 amount that Wardle admittedly owes.

The Court need not decide whether the doctrine of *res judicata* bars Wardle from relitigating the issue of his liability for the taxes he owes as part of the Judgment Liability. *See United States v. Carter*, 906 F.2d 1375, 1378 (9th Cir. 1990) (*res judicata* barred taxpayer from relitigating tax liability after the court of appeals affirmed a U.S. Tax Court order finding taxpayer's tax liability); *see also United States v. Gilbert*, 48 F.3d 1229 (9th Cir. 1995) (same); *United States v. Gonzales for Est. of Gonzales*, 323 F. Supp. 3d 1119, 1126 (N.D. Cal. 2018) ("In the [income] tax context, once a taxpayer's liability for a particular year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year") (internal quotations omitted).

Wardle's argument that the United States cannot force the sale of the Property because the United States failed to timely file notices of tax liens on the Property also fails. Notice of a federal tax lien need not be filed for the tax lien to be enforceable. A federal tax lien attaches when unpaid taxes are assessed and remains enforceable until paid or the federal limitations period ends. *United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1330-31 (citing 26 U.S.C. §§ 6321, 6322). Notices of Federal Tax Lien were recorded in the Gallatin County land records as to the Property at issue in this case. (Doc. 48-10.) Although at least some of these liens

were at one point released because not timely refiled, the United States subsequently recorded certificates of revocation as to those releases. *See* (Doc. 48-11.) The United States's revocation of the releases reinstated the liens pursuant to 26 U.S.C. § 6325(f). *See* (Doc. 48-9.) No genuine issue of material fact remains on this point. Indeed, Wardle includes as an exhibit a "Revocation of Certificate of Release of Federal Tax Lien" which itself states that the complained-of lien "is reinstated as provided under Internal Revenue Code Section 6325(f)." (Doc. 43-2 at 2.) "Such reinstated lien[s] shall have the same force and effect [. . .], until the expiration of the period of limitation on collection after assessment" as tax liens arising due to a delinquent taxpayer's neglect or refusal to pay a tax liability after demand. 26 U.S.C. § 6325(f)(2); *see* 26 U.S.C. § 6321.

Finally, Wardle's assertion of a statute of limitations defense fails. "Once an assessment has been reduced to a judgment, the tax liability cannot become unenforceable by reason of time." *United States v. Layman*, 149 F. App'x 675, 676 (9th Cir. 2005). Wardle's tax liability previously has been reduced to judgment. (Doc. 48-7.)

## II. Distribution of Proceeds

"The court shall […] finally determine the merits of all claims to and liens upon the property, […] and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United

States." 26 U.S.C. § 7403(c). Wardle fails to object to the United States's proposal for distribution of proceeds and fails to present an alternative proposal. *See* (Doc. 52); (Doc. 54); *compare* (Doc. 48-2 at 11-12). The Court adopts the United States's unchallenged proposal for distribution of proceeds. *Cf. Burtsfield* at 1202 (D. Mont. 2008) (adopting a method of calculating a non-liable third party's homestead interest in a property subject to forced sale under § 4703 where the United States did not challenge the method).

## ORDER

**IT IS ORDERED**:

1. The United States's Motion for Summary Judgment (Doc. 48) is **GRANTED**.

2. The United States possesses valid federal tax liens securing Wardle's Judgment Liability, including accrued statutory additions and interest.

3. The United States's tax liens securing Wardle's Judgment Liability, including accrued statutory additions and interest, remain attached to Wardle's interest in 365 Coffee Creek Road, Bozeman, Montana 59715.

4. The United States may sell 365 Coffee Creek Road, Bozeman, Montana 59715, in partial satisfaction of the federal tax liens securing Wardle's Judgment Liability, including accrued statutory additions and interest, free and clear of all rights, title, liens, claims, and interests of the parties,

including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Property; second, to the Treasurer of Gallatin County, Montana, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to Federal National Mortgage Association in full satisfaction of its deed of trust encumbering the Property; fourth, to First Interstate Bank, in full satisfaction of its deed of trust securing the Property; and fifth, to the United States to pay the liabilities described above.

5. Wardle's Motion to Dismiss Based on 26(f) Report Findings (Doc. 43) is **DENIED**.

**DATED** this 8th day of April, 2024.

Brian Morris, Chief District Judge
United States District Court