# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER F. WARDLE; FIRST INTERSTATE BANK; FIRST AMERICAN TITLE COMPANY OF MONTANA, INC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; ACTION COLLECTION SERVICE, INC.; and TREASURER OF GALLATIN COUNTY, MONTANA.<br><br>Defendants. | CV-23-20-BU-BMM<br><br>ORDER |

## BACKGROUND

Plaintiff the United States ("United States") brings this action to enforce federal tax liens against a Bozeman property ("the Property") owned by Defendant Christopher F. Wardle ("Wardle"). The Court's April 8, 2024 Order contains a summary of relevant facts. (Doc. 56.) The Court granted summary judgment in favor of the United States, (Doc. 56), denied Wardle's motion to set aside the order granting summary judgment, (Doc. 57), and appointed a receiver to take control of and to sell the Property, (Doc. 68).

Wardle now moves for a new trial, (Doc. 69), and to set aside the June 6, 2024 Order appointing a receiver, (Doc. 72).

## LEGAL STANDARD

A court "may, on motion, grant a new trial on all or some of the issues—and to any party—[. . .] after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; [] or after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1).

A court may "may relieve a party or its legal representative[, on motion and just terms,] from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

## DISCUSSION

Wardle moves for the court to set a "new trial." (Doc. 69 at 2.) Wardle appears erroneously to cite to the rules of criminal procedure. (*Id.*) The Court construes Wardle's motion as a motion for a new trial under Federal Rule of Civil Procedure 59(a)(1). Wardle contends that relief in the form of a new trial proves warranted because, he alleges, the United States violated its obligations to disclose discovery pursuant Federal Rule of Civil Procedure 26(a). (*Id.*) "The authority to grant a new trial [. . .] is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). The Court declines to grant Wardle a "new trial." No trial occurred in this matter. *See generally* (Docket.) Moreover, the Court previously considered and declined to credit substantially the same Rule 26-based claims made by Wardle in the Court's May 30, 2024 Order (Doc. 67).

Wardle also moves for the Court to set aside its June 6, 2024 Order. (Doc. 72.) Wardle contends that he was prejudiced by a failure of proper service that left him unable to respond to the United States's Motion to Appoint Receiver to Enforce Tax Liens (Doc. 62). (Doc. 72 at 2.) Wardle concedes, however, that "he had already prepared and was mailing his response to [the United States's] Motion" by May 20, 2024. (*Id.*) The Court received Wardle's Response on May 28, 2024, considered the Response before issuing the Court's June 6, 2024 Order,

and found Wardle's Response "unpersuasive" because "Wardle fail[ed] to articulate [. . .] a colorable legal objection to the United States's Motion." (Doc. 68 at 3.) The Court did not rely solely on Wardle's violation of a Local Rule to decide whether to grant the United States's motion. Wardle's failure to articulate a colorable legal objection to the motion, coupled with the good cause demonstrated by the United States, constituted a sufficient and independent reason to grant the United States's motion. No reason exists in this matter to justify the relief Wardle seeks under Rule 60(b). Accordingly,

## ORDER

**IT IS ORDERED**:

1. Wardle's Motion for a New Trial Under CRPC Rule 33(a)1 (Doc. 69) is **DENIED**.

2. Wardle's Motion for Relief and to Set Aside Order Based on Rule 27(a) (Doc. 72) is **DENIED**.

**DATED** this 2nd day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court